Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3736 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Hannemann vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [8-1] is granted. Judgment entered in favor of defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 0 9 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | 03 OCT -9 AM 8:15 | 10/8/2003 date mailed notice | |
| | MD / courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VIRGINIA HANNEMANN,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | No. 02 C 3736<br>Judge Joan H. Lefkow |

DOCKETED
OCT 0 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Virginia Hannemann ("Hannemann"), brings this action for judicial review of the Commissioner of the Social Security Administration's final decision that Hannemann's Social Security disability insurance benefits were properly ceased in November 1987, and that her subsequent work activity resulted in an overpayment of benefits in the amount of $31,804.50. This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). Before the court is the defendant's motion for summary judgment.[1] For the reasons stated below, the motion is granted.

## FACTS[2]

On June 3, 1984, Hannemann was found to be disabled due to Manic Bipolar Disorder and entitled to disability insurance benefits. (R. 73.) Thereafter, she performed a variety of jobs with varying degrees of success and duration. (R. 79.) In 1985 she worked as both a receptionist

---

[1]Hannemann did not file a responsive brief to the defendant's motion.

[2]Citations are to the certified administrative record prepared by the Commissioner and filed with this court pursuant to 42 U.S.C. § 405(g).

12

in an insurance office and as a secretary for a motel. (R. 139.) In 1985-86, she worked as a telephone operator at a telemarketing company. (*Id.*) From January to June 1988, she worked as a data editor for a publishing company with a monthly salary in excess of $1,000. (*Id.*) Hannemann also had substantial earnings in 1993-96 and 1998. (R. 175, 201-15, 219-25, 231.)

In 1997, Hannemann's disability was subject to a continuing disability review, and the Social Security Agency made initial and reconsideration determinations that Hannemann had completed a trial work period and began performing substantial gainful activity, such that under the Commissioner's regulations her disability was found to have ceased as of November 1987. (R. 73-105.) Through her counsel, Hannemann requested an administrative hearing. (R. 88.) Administrative Law Judge ("ALJ") Cynthia M. Bretthauer held a hearing on November 5, 1999. (R. 25-36.) In a decision dated December 8, 1999, the ALJ framed the general issue as "whether the claimant continues to be entitled to a period of disability under section 216(I) and to disability insurance benefits under 23(a) of the Social Security Act, and under section 1614(a)(4) of the Act." (R. 18.) More specifically, the ALJ posed the issue as whether "the claimant's work activity after she was found entitled to disability insurance benefits and supplemental income, demonstrates that she has regained the ability to engage in substantial gainful activity and, if so, the date on which her disability ceased." (*Id.*) The ALJ found that Hannemann's disability insurance benefits ceased in November 1987, the first month of substantial gainful activity after a nine-month trial work period. (R. 22.) The ALJ further found that Hannemann's period of disability ended effective December 31, 1993, that her extended period of eligibility benefit termination month was January 1994, and that there was an overpayment to Hannemann in the amount of $31,804.50 for the period of January 1994 through January 1998. (*Id.*) The ALJ

2

clarified that she was not addressing any waiver of collection of the overpayment because no request for waiver had been filed. (R. 21.) The ALJ issued an amended decision on December 15, 1999, to eliminate references to supplemental security income benefits, which were not at issue in the ALJ's decision. (R. 12.)

Hannemann requested review of the ALJ's decision to the Appeals Council, which request was subsequently denied. (R. 9-13.) Thus, the ALJ's decision stands as the Commissioner's final decision in this matter. Hannemann now seeks judicial review of this final decision pursuant to 42 U.S.C. § 405(g).

## STANDARDS

The ALJ's findings of fact must be upheld if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). A federal court may not reevaluate the facts, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Diaz*, 55 F.3d at 305. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the responsibility for that decision falls on the Commissioner, not the court. *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). Conclusions of law are not entitled to deference; if the Commissioner commits an error of law, reversal is required without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

## DISCUSSION

For an individual to receive benefits under the Social Security Act (the "Act"), she must first be found to have a disability. 42 U.S.C. § 423(a)(1)(D); *McDonald* v. *Bowen*, 818 F.2d 559, 562 (7th Cir. 1986). There is no dispute that Hannemann was previously found to suffer from a disability under the Act, with an onset date of June 3, 1984. (R. 73.) However, an individual is not considered disabled if "the claimant is working and the work constitutes substantial gainful activity." *McDonald*, 818 F.2d at 562 (citing 20 C.F.R. 404.1520(b)). With respect to an individual previously found to be disabled who wishes to test her disability status, the Act provides a trial work period. *See* 20 C.F.R. § 404.1592(a). "A trial work period enables an individual to test his or her ability to return to work," and any services performed during this period "shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such duration." *McDonald*, 818 F.2d at 563 (citing 20 C.F.R. § 404.1592(a) and 42 U.S.C. § 422(c)(2)).

The trial work period begins with the month in which a claimant becomes entitled to disability insurance benefits and ends with the ninth month (whether or not the months have been consecutive) in which the claimant performs "services." 20 C.F.R. § 404.1592(a) and (e). "Services" are defined as any activity done in employment or self-employment for pay or profit, or is the kind normally done for pay or profit. 42 U.S.C. § 422(c)(2); 20 C.F.R. § 404.1592(b). In calendar years 1979-89, work as an employee was considered "services" if the individual's net earning exceeded $75 in that month or if the individual worked more than 15 hours. 20 C.F.R. § 404.1592(b) (Table 1). After the trial work period ends, the work performed is considered "in

4

determining whether your disability ended at any time after the trial work period." 20 C.F.R. § 404.1592(a).

The first time an individual works after the end of the trial work period and engages in a "substantial gainful activity," his or her benefits may be stopped. 20 C.F.R. § 404.1592a(a)(1). A substantial gainful activity is work that (1) involves doing significant and productive physical or mental duties and (2) is done (or intended) for pay or profit. 20 C.F.R. § 404.1510. An individual is presumed to have engaged in a substantial gainful activity during the years 1980-89 in any month in which she earned $300 or more. 20 C.F.R. § 404.1574(b)(2)(i)(Table 1). However, the Act provides for an extended period of eligibility, the first 36 months of which is referred to as the "re-entitlement period." 42 U.S.C. § 423(e)(1). This period allows a "disabled individual who completes his nine-month trial work period [to] continue to test his ability to work for an additional thirty-six months." *Napier v. Apfel*, No. 98 C 6826, 2000 WL 44864, at *6 (N.D. Ill. Jan. 3, 2000). During this re-entitlement period, an individual "is paid benefits only for the first three months during which he works, but can receive benefits, without filing a new application, for those months in which he does not work. *Id.* (citing 42 U.S.C. § 423(e)(1) and 20 C.F.R. § 404.1592a(a)). If the individual is not engaging in a substantial gainful activity in month 37 after the conclusion of the trial work period, the individual will continue to receive disability insurance benefits until the first month in which earnings exceed the substantial gainful activity level. 20 C.F.R. § 404.316(d). At that point, the extended period of eligibility ends and no further disability insurance benefits are issued. *Id.*

In this case, the ALJ first determined that plaintiff's trial work period ended prior to November 1987. The court agrees. There is substantial evidence that plaintiff performed

5

"services" for at least nine months prior to that date, including from February-July 1985, December 1985, and January-February 1986. (R. 139, 147, 159, 161-62, 174.)

Moreover, the ALJ concluded that Hannemann's disability ceased in November 1987 because that was the first month she performed a substantial gainful activity after her trial work period ended. (R. 20.) Substantial evidence also supports this conclusion. As the ALJ noted, Hannemann worked as a data editor beginning in October 1988. This employment constituted a substantial gainful employment activity, as Hannemann earned $283.66 in October 1987 and $1,134.62 per month from November 1987 to March 1988. (R. 165, 193.) Thus, the court accepts the ALJ's conclusion that this work activity Hannemann performed was a substantial gainful activity and, therefore, that her disability ceased beginning in November 1987.[3]

While Hannemann's disability ceased in November 1987, Hannemann's extended period of eligibility did not terminate until January 1994. (R. 22.) The reason for the long delay in the extended period of eligibility was because Hannemann did not perform any substantial gainful activities for several years after July 1988. In January 1994, however, Hannemann earned $585

---

[3]The ALJ also considered whether Hannemann's work activity as a data editor in 1987-88 could be considered as an "unsuccessful work attempt." An unsuccessful work attempt is work a claimant performed for a period of six months or less where an impairment "forced [the claimant] to stop working or to reduce the amount of work . . . so that [the claimant's] earnings from such work falls below the substantial gainful activity earnings . . . ." 20 C.F.R. § 404.1574(c)(1). The ALJ considered Hannemann's work under 20 C.F.R. § 404.1574(c)(4), which applies when the claimant worked between three and six months. Under that regulation, an unsuccessful work attempt may be found where the claimant (1) was frequently absent from work because of her impairment; (2) could not perform work satisfactorily because of the impairment; (3) worked during a period of temporary remission of the impairment; or (4) worked under special conditions that were essential to . . . performance and these conditions were removed. Under this standard, the ALJ concluded that Hannemann's work activity could not be considered an unsuccessful work attempt. The decision is supported by substantial evidence. Hannemann reported that she performed the job five days a week from October 1987 to June 1988, apparently for 35 hours per week. (R. 125, 139.) Hannemann did not present any evidence of special considerations that she worked under which were removed. Nor was there evidence from her employer that she was frequently absent, that her work was unsatisfactory, or that she worked under special conditions. Thus, the ALJ reasonably concluded that Hannemann's work activity did not constitute an unsuccessful work attempt.

for nine days work as a substitute teacher. (R. 78, 80, 201-04.) She also earned more than $500 monthly in many months of work as a substitute teacher and in work for other employers thereafter. (R. 80, 219-31.) Because monthly earnings of $500 or more are presumed to reflect substantial gainful activities and because Hannemann did not provide any evidence to suggest otherwise, the ALJ reasonably concluded that Hannemann could not be paid disability insurance benefits as of January 1994 because, with her return to performing substantial gainful activities, her 36 month re-entitlement period elapsed and her extended period of eligibility terminated. Thus, the ALJ also reasonably concluded that the disability insurance benefits paid to Hannemann from January 1994 to January 1998 constituted an overpayment. The ALJ did not discuss the issue of waiver of overpayment because no request for waiver had been made. (R. 21: "To this date, no waiver form has been filed on the current overpayment.") Hannemann may request a waiver of collection of the overpayment consistent with 42 U.S.C. § 404 and 20 C.F.R. § 404.501 *et seq*.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted [#8]. The clerk is instructed to enter judgment in favor of the defendant. This case is terminated.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: October 8, 2003

7